UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBA LEE FRELIMO,<br><br>Petitioner,<br><br>v.<br><br>JEFF LYNCH, ACTING WARDEN,<br><br>Respondent. | No. 2:21-cv-0194 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. See ECF Nos. 1, 10, 12. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, petitioner's application to proceed in forma pauperis will be granted and the undersigned will recommend that this action be summarily dismissed.

I. IN FORMA PAUPERIS APPLICATION

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. See ECF Nos. 10, 12. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. THE PETITION

Petitioner, an inmate at California State Prison – Sacramento ("CSP-Sacramento"), is currently serving a fifteen-year sentence. ECF No. 1 at 1. Although it is not entirely clear, it

appears that petitioner was initially charged with second degree murder and pled guilty to vehicular manslaughter. See id. at 2. Petitioner contends that his Eighth, Thirteenth and Fourteenth Amendment rights have been violated by the denial of parole by the Board of Parole Hearings ("Board") at petitioner's youthful offender hearing in December 2020. Id. at 5-6. Petitioner contends that the denial of parole is unconstitutional and that he should be released from prison because (1) he has rehabilitated himself, (2) his maximum release date was in April 2007, and (3) his adult sentence is illegal under California law.

III. DISCUSSION

This court is required to dismiss a habeas petition without service if it plainly appears from the petition that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. That is the case here.

Federal habeas relief is available only for violations of federal law, not for errors under state law. See 28 U.S.C. § 2254(a); Middleton v. Cupp, 768 F.2d 1083, 1085 (1985). There is no federal constitutional right to parole. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Vitek v. Jones, 445 U.S. 480, 488 (1980); Swarthout v. Cooke, 562 U.S. 216, 220 (2011). Decisions regarding parole are quintessentially questions of state law. See Valdivia v. Schwarzenegger, 599 F.3d 984, 991 (9th Cir. 2010). Petitioner's claim of entitlement to release in this case is expressly based on "SB 261"[1] and California Penal Code § 1487(2)-(3).[2] ECF No. 1 at 5-6. Alleged misapplication of these laws cannot be transformed into a federal claim merely by invoking the United States Constitution. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (petitioner may not transform state law issue into federal one by asserting violation of due process). Even if petitioner articulated a federal constitutional theory in support of his claims, it would be precluded by the clearly established U.S. Supreme Court

---

[1] California Senate Bill 261, which has been in effect since January 2016, amended California Penal Code §§ 3051 and 4801 to require youth offender hearings, with the possibility of an early parole suitability determination, in certain parole-eligible cases involving crimes committed when the offender was less than 23 years old. The previous age limit had been 18.

[2] California Penal Code § 1487(2)-(3) requires the discharge of a prisoner if, by act, omission or event, he becomes entitled to release or if the imprisonment process was defective in a legally substantive way that renders it void. Cal. Penal Code § 1487(2)-(3).

precedent holding that there is no constitutional right to parole. Without a constitutional right, there can be no constitutional violation. For these reasons, petitioner's challenge to the denial of parole fails to state a claim that is cognizable in habeas. See Swarthout, 562 U.S. at 219 (denial of parole is not reviewable in federal habeas).[3]

IV. CONCLUSION

Because denial of parole by the state Board of Parole Hearings cannot be challenged in federal habeas, the petition must be summarily dismissed pursuant to Rule 4 and 28 U.S.C. § 2254(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 10) is GRANTED; and

2. The Clerk of Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] The court notes that petitioner's putative claims are admittedly unexhausted. See ECF No. 1 at 5-6. The total exhaustion of state court remedies is a prerequisite for the consideration of a federal habeas petition. § 2254(b)(1)(A); Granberry v. Greer, 481 U.S. 129, 133-134 (1987). Because petitioner cannot state a cognizable claim for federal relief in any event, this issue need not be addressed further.